**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CLAUDE MOSES JOHNSON,

Plaintiff,

vs. Case No. 3:25-cv-1492-MMH-SJH

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 19; Report), entered by the Honorable Samuel J. Horovitz, United States Magistrate Judge, on August 17, 2026. In the Report, the Magistrate Judge recommends that the decision of the Commissioner of Social Security denying Plaintiff Claude Moses Johnson's claim for supplemental social security income be affirmed. See generally Report. Johnson timely filed an objection to the Report. See Objection to Report and Recommendation (Doc. 20; Objection), filed on August 31, 2026. On October 1, 2026, the Commissioner responded to the Objection. See Defendant's Response to Plaintiff's Objection to the Report and Recommendation (Doc. 22: Response). Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

Because the Court finds that Johnson's Objection is due to be overruled and the Report is due to be adopted as the Court's opinion, the Court will not

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 15–16.

repeat the factual background, or the arguments and authority addressed there. Instead, the Court writes briefly only to address the Objection.

Johnson objects to the Magistrate Judge's recommended finding that the ALJ properly determined Johnson's Residual Functioning Capacity (RFC) because of the lack of opinion evidence supporting the ALJ's decision. See Objection at 1. He argues that the medical evidence in front of the ALJ was not simple enough for the ALJ to rely on his own interpretation, and that the ALJ should have further developed the record in light of the medical opinions that there was insufficient evidence to determine Johnson's RFC. Id. at 2. Johnson relies on Highfield v. Saul, No. 1:19-CV-23803-JJO, 2020 WL 5706120 (S.D. Fla. Sep. 24, 2020), to argue that a lack of medical opinions in the record warrants a remand. See Objection at 2–3.

Upon review of the record, the Court finds that Johnson's argument is unavailing. In Highfield, there was evidence that the plaintiff had PTSD, which the ALJ ignored. 2020 WL 5706120, at *10. The court found that "in consideration of the diagnosis, the ALJ should have inquired further regarding the plaintiff's work limitations in light of his mental health." Id. But here, Johnson does not allege that there is evidence that the ALJ did not consider. See generally Objection. Although Johnson asserts that the ALJ should have further developed the record, he does not identify evidence that could have been discovered and does not explain why the evidence was too complex for the ALJ

to weigh. See id. Instead, as the Magistrate Judge notes, the ALJ properly relied on Johnson's own testimony, which readily demonstrated Johnson's ability to conduct daily activities. See Report at 11; Hamilton v. Bisignano, No. 8:25-cv-235-CPT, 2026 WL 864914, at *4 (M.D. Fla. Mar. 30, 2026) (citations omitted) (finding that an ALJ does not need to base his RFC assessment on a medical source). Thus, this case is unlike Highfield. See Trujillo v. Bisignano, No. 24-cv-21336-ALTMAN/Reid, 2025 WL 2388204, at *5 n.3 (S.D. Fla. Aug. 18, 2025) (distinguishing Highfield from Trujillo on the basis that the ALJ did not ignore medical evidence in Trujillo).

Because the ALJ's decision rested on sufficient evidence, the Objection is due to be overruled. Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED:**

1. Johnson's Objection to the Report and Recommendation (Doc. 20) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 19) is **ADOPTED** as the opinion of the Court.

3. The Clerk of Court is directed to (1) **enter judgment** pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3),

**AFFIRMING** the Commissioner's final decision; and (2) close the file.

**DONE AND ORDERED** in Jacksonville this 23rd day of November, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

lc37
Copies to:
Counsel of Record